IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PEDRO K. ENRIQUEZ,

    Plaintiff,

v.                                                                     No. CIV-11-0495 GBW

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion to Proceed in Forma Pauperis, the Court's Order to Cure, and Plaintiff's Motion to Set Aside the Order to Cure the Motion to Proceed in Forma Pauperis. *Docs. 2, 6, 7.*

Plaintiff filed a motion to proceed in forma pauperis. *Doc. 2.* This Court issued an order on that motion finding that Plaintiff had not met the IFP standard as articulated in *Lister v. Dep't of Treasury*, 408 F.3d 1309 (10th Cir. 2005), and requiring Plaintiff to cure the defect within thirty days. *Doc. 6.* Plaintiff responded with the current Motion for Reconsideration, arguing that *Lister* is inapposite and that logistics impede Plaintiff's ability to comply with the *Lister* standard. *Doc. 7.* Nevertheless, Plaintiff attached to his motion the brief he submitted to the SSA's Appeals Council prior to filing the instant suit. Plaintiff also noted that his arguments in the forthcoming Motion to Remand may mirror those put

forth before the Appeals Council.

Plaintiff's assertion that *Lister* is inapposite is unpersuasive. It cannot reasonably be denied that *Lister* establishes the two-pronged test for IFP determinations. *See e.g. Lewis v. Center Market*, 378 F. App'x 780, 785 (10th Cir. 2010), *Burns v. United States*, 345 F. App'x 328, 329 (10th Cir. 2009); *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006). "In order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citation omitted). While the *Lister* plaintiff's particular failing was not showing an inability to pay the filing fees, the Court's reliance on the first prong in that case does not mean that the second prong requirement is consigned to "dictum" status. *See Burns*, 345 F. App'x at 329 (citing *Lister*, finding both prongs unmet, and upholding the District Court's denial of Plaintiff's IFP motion); *see also Debardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)(granting a motion for IFP because prisoner-appellant could "make a rational argument on the law or facts in support of the issues raised on appeal").

Plaintiff also argues that this Court should ignore *Lister*'s second requirement because it would be impossible to satisfy the second requirement without the complete administrative record. Plaintiff claims that, without the complete administrative record, the most specific argument he can craft, is that "the record as a whole, shows without

substantial contradiction, that Plaintiff was severely and irreparably disabled . . . and that such disability rendered the Plaintiff unable to engage in any substantial gainful activity." *Doc. 7* (quoting *Doc. 1*). In fact, the mere existence of the letter brief attached to Plaintiff's Motion demonstrates that Plaintiff was perfectly capable of making a reasoned argument with the materials he currently possesses. *Id.*, Ex. 1. This Court does not read *Lister* to require, as Plaintiff implies, that motions to proceed IFP require citation to the administrative record. In order to assess whether a plaintiff has "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action," *Lister*, 408 F.3d at 1312, however, the Court needs more than a bare-bones, conclusory statement that plaintiff was disabled and the ALJ's "findings to the contrary lack substantial support in the evidence." *Doc. 1* at 2. Which of the ALJ's findings lacked support? At which steps? Plaintiff does not have to present all of the arguments he will assert in his Motion to Remand, but he has to provide the Court something to evaluate under *Lister*.

Notwithstanding his unavailing arguments regarding *Lister*, Plaintiff has attached to his motion for reconsideration the brief he presented to the Appeals Council, and it demonstrates "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. As he has satisfied this prong, the Court has reviewed the financial information included in the Motion to Proceed In Forma Pauperis. *Doc. 2*. The sworn information contained therein establishes Plaintiff has "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

Having found that Plaintiff has cured the defect in the Motion to Proceed in Forma Pauperis, and has satisfied the requirements to proceed in forma pauperis, IT IS ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis (*doc. 2*) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Set Aside the Order to Cure the Motion to Proceed in Forma Pauperis is DENIED as moot.

_____
UNITED STATES MAGISTRATE JUDGE